**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

                                     x

THOMAS S. ESPOSITO and MARY M. ESPOSITO,

                                   Plaintiff(s)

- against -

LOWES COMPANIES, INC.

                               Defendant(s)

                                     x

Index No.
Date Purchased:

Plaintiff(s) designate(s)
NASSAU COUNTY
as the place of trial

The basis of the venue is
PLAINTIFF'S RESIDENCE

**SUMMONS**

Plaintiff resides at
1 Cottage Boulevard
Hicksville, NY 11801
County of NASSAU

**To the above named Defendant(s)**

       **You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.**

                            **By:**

                            *E. Kevin Agoglia*

                            **E. KEVIN AGOGLIA, ESQ.**
                            **AGOGLIA, HOLLAND & AGOGLIA, P.C.**

**Dated, Jericho, New York**          **Attorney(s) for Plaintiff(s)**
      **May 17, 2021**               **Office and Post Office Address**
                            **500 North Broadway, Suite 247**
                            **Jericho, New York 11753**
                            **Tel: (516) 396-0800**
                            **Fax: (516) 396-0805**

**Defendant's address:**
**c/o Secretary of State**

                     ***Send to your insurance company promptly***

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

. _____ x

THOMAS S. ESPOSITO and MARY M. ESPOSITO,

                                          **Index#**

                    Plaintiffs,           **VERIFIED
                                          COMPLAINT**

      - against –

LOWES COMPANIES, INC.

_____ x


      Plaintiffs, by their attorneys, **AGOGLIA, HOLLAND & AGOGLIA, P.C.**,

complain of the defendants herein, and allege, upon information and belief, as follows:

      **AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF
            PLAINTIFF, THOMAS S. ESPOSITO**

      **1.** That at all times hereinafter mentioned, the plaintiffs were and continue

to be residents of the County of NASSAU, State of New York.

      **2.** Upon information and belief, and at all times hereinafter mentioned, the

defendant, **LOWES COMPANIES, INC. w**as and still is a domestic corporation duly

organized and existing under the laws of the State of New York.

      **3.** Upon information and belief, and at all times hereinafter mentioned, the

defendant, **LOWES COMPANIES, INC.** was and still is a foreign corporation

authorized to do business in the State of New York:

Case 2:21-cv-04467   Document 1-1   Filed 08/09/21   Page 4 of 17 PageID #: 8

2

4. That at all times hereinafter mentioned, the defendant, **LOWES COMPANIES, INC.** owned the premises known and described as 700 Dibblee Drive, Garden City, New York 11530.

5. That at all times hereinafter mentioned, the defendant, **LOWES COMPANIES, INC.** leased the premises known and described as 700 Dibblee Drive, Garden City, New York 11530.

6. Upon information and belief, and at all times hereinafter mentioned, the defendant, **LOWES COMPANIES, INC.** maintained and still maintains a place of business at 700 Dibblee Drive, Garden City, New York 11530.

7. That at all times hereinafter mentioned, the defendant, **LOWES COMPANIES, INC.**, its agents, servants and/or employees, operated the premises located at 700 Dibblee Drive, Garden City, New York 11530.

8. That at all times hereinafter mentioned, the defendant, **LOWES COMPANIES, INC.**, its agents, servants, and/or employees, controlled the premises located at 700 Dibblee Drive, Garden City, New York 11530.

9. That at all times hereinafter mentioned, the defendant, **LOWES COMPANIES, INC.**, its agents, servants and/or employees, managed the premises located at 700 Dibblee Drive, Garden City, New York 11530.

10. That at all times hereinafter mentioned, the defendant, **LOWES COMPANIES, INC.**, its agents, servants and/or employees maintained the premises located at 700 Dibblee Drive, Garden City, New York 11530.

3

11.     That on the 9TH day of April, 2021, plaintiff, **THOMAS S. ESPOSITO**,

was lawfully at the location hereinbefore referred to and described, when due solely to

the carelessness, recklessness and negligence of the defendants, their agents, servants

and/or employees in the ownership, operation, management, maintenance, repair, control

of the aforesaid premises, this plaintiff was caused to fall and sustain serious permanent

and disabling injuries, and, upon information and belief, will require continuing medical

and allied services for the remainder of his life.

12.     That prior to or on the 9th day of April, 2021, the defendants, their tenants,

agents, servants and/or employees created a dangerous condition that caused plaintiff to

fall.

13.     That as a result of the negligence of the defendants as aforesaid, this

plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower

courts that would otherwise have jurisdiction.


**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF
PLAINTIFF, MARY M. ESPOSITO**


14.     Plaintiff repeats, reiterates and reaffirms each and every allegation

contained in paragraphs numbered "1 through "13" inclusive of this Complaint with the

same force and effect as though fully set fourth at length.

Case 2:21-cv-04467  Document 1-1  Filed 08/09/21  Page 6 of 17 PageID #: 10

4

15.    That at all times hereinafter mentioned, this plaintiff was and continues to be the wife of the plaintiff, **THOMAS S. ESPOSITO**, and as such resided, and still resides, with said plaintiff, her said husband.

16.    That solely as a result of the negligence of the defendants herein as aforesaid, this plaintiff has lost the services of her said husband; that her comfort and happiness in his society and companionship have been greatly impaired; that she has suffered a loss of consortium all to her damage in a sum which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, plaintiffs demand judgment against the defendants herein as follows:

**FIRST CAUSE OF ACTION**: Sum which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction;

**SECOND CAUSE OF ACTION**: Sum which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

Together with costs and disbursements of this action.


Dated: May 17, 2021
       Jericho, New York

Yours etc.

E. KEVIN AGOGLIA

**E. KEVIN AGOGLIA**
**Attorney for Plaintiffs**
**AGOGLIA, HOLLAND & AGOGLIA, P.C.**
500 North Broadway Suite 247
Jericho, New York 11753
Tel. No. (516) 396-0800

Case 2:21-cv-04467   Document 1-1   Filed 08/09/21   Page 7 of 17 PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

_____ x

THOMAS S. ESPOSITO and MARY M. ESPOSITO,

                                        **Index#**

                    Plaintiffs,          **VERIFICATION**


          - against –


LOWES COMPANIES, INC.

_____ x


**STATE OF NEW YORK    )**
                      **) ss:**
**COUNTY OF NASSAU      )**

     **THOMAS S. ESPOSITO** being sworn says: I am the plaintiff in the action
herein: I have read the annexed **COMPLAINT** know the contents thereof, and the same
are true to my knowledge, except those matters therein which are stated to be alleged on
information and belief, and as to those matters, I believe them to be true.


                              **THOMAS S. ESPOSITO**


**Sworn to before me this**
**day of May, 2021.**


**NOTARY PUBLIC**

E. KEVIN DOUGLAS
Notary Public, State of New York
Qualified in Nassau County
Term Expires July 5, 2022

Case 2:21-cv-04467   Document 1-1   Filed 08/09/21   Page 8 of 17 PageID #: 12

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NASSAU

THOMAS S. ESPOSITO and
MARY M. ESPOSITO,

                      Plaintiffs,

v.

LOWE'S COMPANIES, INC.,

                      Defendant.

**VERIFIED ANSWER**

Index No.: 606258/2021

Defendant, Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Companies, Inc.") ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the plaintiffs' Verified Complaint, responds as follows:

1.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

2.     Lowe's denies the allegations contained in paragraph 2 of the Verified Complaint.

3.     Lowe's denies the allegations contained in paragraph 3 of the Verified Complaint.

4.     Lowe's denies the allegations contained in paragraph 4 of the Verified Complaint.

5.     Lowe's denies the allegations contained in paragraph 5 of the Verified Complaint.

6.     Lowe's denies the allegations contained in paragraph 6 of the Verified Complaint.

7.     Lowe's denies the allegations contained in paragraph 7 of the Verified Complaint.

8.     Lowe's denies the allegations contained in paragraph 8 of the Verified Complaint.

9.     Lowe's denies the allegations contained in paragraph 9 of the Verified Complaint.

10.    Lowe's denies the allegations contained in paragraph 10 of the Verified Complaint.

11.    Lowe's denies the allegations contained in paragraph 11 of the Verified Complaint.

30318036.v1

12.     Lowe's denies the allegations contained in paragraph 12 of the Verified Complaint.

13.     Lowe's denies the allegations contained in paragraph 13 of the Verified Complaint.

14.     In response to paragraph 14 of the Verified Complaint, Lowe's repeats, re-alleges, and reiterates each and every previous statement and denial as if fully set forth here.

15.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Verified Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     Lowe's denies each and every other allegation of the Verified Complaint not previously specifically admitted, denied, or otherwise controverted.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

18.     The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the plaintiffs' culpable conduct.

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

19.     If Lowe's is found liable to the plaintiffs, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiffs for non-economic loss against Lowe's should be limited to its percentage of liability.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

20.     The Verified Complaint fails to state a cause of action against Lowe's.

2

30318036.v1

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

21.     The plaintiffs' injuries, if any, were caused in whole or in part by a person or

persons who are not within the control of Lowe's.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

22.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's

is entitled to a set off against the amount of any verdict of any monies collected from a collateral

source of payment.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

23.     Plaintiffs have failed to mitigate their alleged damages.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

24.     The incident and alleged resulting injuries were not proximately caused by any

action or inaction of Lowe's.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

25.     Plaintiffs assumed the risk of the incident and any resulting injuries.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

26.     If the plaintiffs seek to recover a verdict or judgment against Lowe's, any verdict

or judgment must exclude or be reduced by those amounts which have been, or will with

reasonable certainty replace or indemnify the plaintiffs, in whole or in part, for any past or future

medical costs, health care, life care, or other economic loss or the benefit that is offered or

provided under or in connection with the Patient Protection and Affordable Care Act.

3

INDEX NO. 606258/2021
RECEIVED NYSCEF: 07/01/2021

**AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

27.     Lowe's did not receive requisite notice of any alleged dangerous, defective, or hazardous conditions set forth in plaintiffs' Verified Complaint.

**AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

28.     The conduct of the plaintiffs was the sole proximate cause of the incident.

**AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

29.     Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York.

**AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

30.     Any risks and dangers at the time and place set forth as the location of the incident as alleged in the Verified Complaint were open, obvious, and apparent.

**AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

31.     Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the plaintiffs.

**AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

32.     There may be documentary evidence exists which establishes a complete defense.

**AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

33.     There was a storm in progress at the time of the alleged incident.

4

**AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

34.     Plaintiffs lack personal jurisdiction over Lowe's Companies, Inc.

**AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

35.     Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discover all relevant facts.

**WHEREFORE**, Lowe's demands judgment as follows:

a.     Dismissing the Verified Complaint, or

b.     Reducing plaintiffs' recovery in the proportion to which the plaintiffs' culpable conduct caused the alleged damages;

c.      Limiting plaintiffs' recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%); and

d.     Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
      July 1, 2021

                             GOLDBERG SEGALLA LLP

                             Kenneth L. Bostick, Jr., Esq.
                             *Attorneys for Defendant*
                             665 Main Street
                             Buffalo, New York 14203
                             (716) 566-5400

5

30318036.v1

Case 2:21-cv-04467   Document 1-1   Filed 08/09/21   Page 13 of 17 PageID #: 17

TO:   E. Kevin Agoglia, Esq.
        AGOGLIA, HOLLAND & AGOGLIA, P.C.
        *Attorneys for Plaintiff*
        500 North Broadway Suite 247
        Jericho, New York 11753
        (516) 396-0800

30318036.v1

6

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE        ) ss:

Kenneth L. Bostick, Esq., being sworn, deposes and says:

1.     I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Companies, Inc.") ("Lowe's") in this matter.

2.     I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

3.     The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Nassau, where this action is venued.

_____
Kenneth L. Bostick, Jr.

Sworn to before me this
1st day of July, 2021.

_____
Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20 25

Case 2:21-cv-04467   Document 1-1   Filed 08/09/21   Page 15 of 17 PageID #: 19

## REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

_____ **SUPREME** _____ COURT, COUNTY OF **NASSAU** _____

Index No: __606258/2021__          Date Index Issued: __05/19/2021__

| | For Court Use Only: |
|---|---|
| | IAS Entry Date |
| | Judge Assigned |
| | RJI Filed Date |

**CAPTION**     Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

THOMAS S. ESPOSITO and MARY M. ESPOSITO,

Plaintiff(s)/Petitioner(s)

-against-

LOWE'S COMPANIES, INC.,

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**     Check only one box and specify where indicated.

**COMMERICIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____
- *NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**     Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):   ○ Residential   ○ Commercial
  - Property Address: _____
  - *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution     [see *NOTE* in **COMMERCIAL** section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**MATRIMONIAL**
- ○ Contested
  - *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  - *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ◉ Other Negligence (specify): Premises Liability
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see *NOTE* in **COMMERCIAL** section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**     Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ◉ | ○ | If yes, date filed: __05/19/2021__ |
| Has a summons and complaint or summons with notice been served? | ◉ | ○ | If yes, date served: __06/30/2021__ |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**     Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice     Date Issue Joined: _____
- ○ Notice of Motion     Relief Requested: _____     Return Date: _____
- ○ Notice of Petition     Relief Requested: _____     Return Date: _____
- ○ Order to Show Cause     Relief Requested: _____     Return Date: _____
- ○ Other Ex Parte Application     Relief Requested: _____
- ○ Poor Person Application
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

Case 2:21-cv-04467  Document 1-1  Filed 08/09/21  Page 16 of 17 PageID #: 20

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). |||||
|---|---|---|---|---|---|
| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case ||
|  |  |  |  |  ||
|  |  |  |  |  ||
|  |  |  |  |  ||

| PARTIES | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). |||||
|---|---|---|---|---|---|
| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. ||
| ☐ | Name: Thomas S. Esposito Role(s): Plaintiff | E. Kevin Agoglia, Esq. of AGOGLIA, HOLLAND & AGOGLIA, P.C., 500 North Broadway, Suite 247, Jericho, NY 11753 Tel (516) 356-0800; Email kagoglliaesq@optonline.net | ○ YES  ○ NO |  ||
| ☐ | Name: Mary M. Esposito Role(s): Plaintiff | E. Kevin Agoglia, Esq. of AGOGLIA, HOLLAND & AGOGLIA, P.C. 500 North Broadway, Suite 247, Jericho, NY 11753  Tel. (516) 399-0800 Email kagoglliaesq@optonline.net | ○ YES  ○ NO |  ||
| ☐ | Name: Lowe's Companies, Inc. Role(s): Defendant | Kenneth L. Bostick, Jr. Esq of GOLDBERG SEGALLA 665 Main Street, Buffalo, NY 14203-1425  Tel. (716) 566-5400 Email kbostick@goldbergsegalla.com | ● YES  ○ NO | Unknown ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||
| ☐ | Name: Role(s): |  | ○ YES  ○ NO |  ||

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 07/09/2021

Signature

2199867
Attorney Registration Number

E. KEVIN AGOGLIA, ESQ.
Print Name

2 of 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
————————————————————————————X

THOMAS S. ESPOSITO etal.

                               Plaintiff(s),

     - vs -

LOWE'S COMPANIES, INC.

                             Defendant(s).

————————————————————————————X

**REQUEST FOR**
**PRELIMINARY CONFERENCE**

Index No.:  606258/2021

The undersigned hereby requests a preliminary conference.

The names, address and telephone numbers of all attorneys/pro se litigants appearing in the action are as follows:

| | |
|---|---|
| ☒ Attorney for Plaintiff(s) | ☒ Attorney for Defendant(s) |
| ☐ Plaintiff(s), Pro se | ☐ Defendant(s), Pro se |

| | |
|---|---|
| E. KEVIN AGOGLIA, ESQ. | KENNETH L. BOSTICK, JR., ESQ. |
| AGOGLIA, HOLLAND & AGOGLIA, P.C. | GOLDBERG SEGALLA |
| 500 North Broadway | 665 Main Street |
| Suite 247 | Buffalo, NY 14203-1425 |
| Jericho, NY 11753 | |
| ( 516 ) 396 - 0800 | ( 716 ) 566 - 5400 |

(    )    -                              (    )    -

Dated:  July 9,       , 2021

Signature

E. KEVIN AGOGLIA, ESQ.
Print Name